# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES ELIAS LOPEZ LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | Case No. 1:26-cv-01359-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY RESPONDENTS' MOTION TO DISMISS, GRANT PETITION FOR WRIT OF HABEAS CORPUS, AND ORDER PETITIONER'S IMMEDIATE RELEASE<br><br>(ECF Nos. 1, 10) |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of El Salvador who entered the United States on or about May 23, 2024 without inspection and between ports of entry. Shortly after entry, Petitioner was apprehended by immigration authorities. (ECF No. 1 at 10.[1]) On or about May 24, 2024, U.S. Immigration and Customs Enforcement ("ICE") issued Petitioner a Form I-220A and Form I-286 indicating that Petitioner was being released on recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act." (Id.; ECF No. 1-2.) Following his release, Petitioner made his way to the Maryland area, where he established a life with his brother.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On January 30, 2026, Petitioner appeared at the ICE office in Maryland for a scheduled check-in. Upon entering the building, he was approached by two individuals who informed him that he was under arrest. He was taken into ICE custody. Petitioner has remained detained since and is currently detained at the California City Corrections Center. (ECF No. 1 at 10.)

On February 16, 2026, Petitioner filed a petition for writ of habeas corpus challenging his detention on statutory and due process grounds. (ECF No. 1.) On March 12, 2026, Respondents filed a motion to dismiss. On March 19, 2026, Petitioner filed an opposition. (ECF No. 11.) To date, no reply in support of the motion to dismiss has been filed, and the time for doing so has passed.

**II.**

**DISCUSSION**

Respondents argue that the petition should be dismissed because Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(1)" and "Petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." (ECF No. 10 at 1, 2.) Such arguments have been rejected by this Court in numerous previous decisions. See, e.g., Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends granting the petition for writ of habeas corpus on the due process claim for the reasons addressed in those prior orders.[2] Respondents assert that "Petitioner

---

[2] In light of this conclusion, the Court declines to address the statutory claim set forth in the first claim for relief.

had four ATD violations for failed home visits and missed biometric check-ins." (ECF No. 10 at 1.) "While the alleged violations may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's due process right to a such determination," and "Respondents do not identify any urgent concerns that would warrant a post-deprivation, rather than pre-deprivation, hearing in this case." Garcia-Duran v. Noem, No. 1:26-CV-01931-KES-SKO (HC), 2026 WL 747147, at *1 n.1 (E.D. Cal. Mar. 17, 2026).

**III.**

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondents' motion to dismiss (ECF No. 10) be DENIED.

2. The petition for writ of habeas corpus be GRANTED on the second claim for relief.

3. Respondents be directed to release Petitioner immediately.

4. Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

///

///

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 8, 2026**

STANLEY A. BOONE
United States Magistrate Judge