UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES ELIAS LOPEZ LOPEZ<br>(A-Number: 249-504-100),<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | No.  1:26-cv-01359-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RESPONDENTS' MOTION TO DISMISS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 1, 10, 12 |

Petitioner Moises Elias Lopez Lopez is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 8, 2026, the assigned magistrate judge issued findings and recommendations that recommended denying respondents' motion to dismiss, granting the petition, and ordering petitioner's immediate release.  Doc. 12.  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service.  On April 22, 2026, respondents filed timely objections.  Doc. 13.

In their objections, respondents argue that this case is distinct from the Court's prior cases because, they allege, petitioner violated certain terms of the "Alternatives to Detention" monitoring program in which he was enrolled.  Doc. 13 at 1.  The alleged violations do not

1

constitute a pertinent distinction between this case and the Court's prior cases.  The record shows that, after the alleged violations, petitioner reported as requested for a scheduled check-in at an ICE office, where ICE arrested him.  *See* Doc. 10-1 at 2.  While the alleged violations may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's due process right to a such determination.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).  Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation, rather than a pre-deprivation, hearing.  *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025).  Respondents do not identify any urgent concerns that would warrant a post-deprivation, rather than pre-deprivation, hearing in this case.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1. The findings and recommendations issued on April 8, 2026, Doc. 12, are ADOPTED in full.

2. Respondents' motion to dismiss, Doc. 10, is DENIED.

3. The petition for writ of habeas corpus, Doc. 1, is GRANTED.

4. Respondents are ORDERED to release petitioner Moises Elias Lopez Lopez (A-Number: 249-504-100) immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

5. Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event she becomes subject to an executable final order of removal.

2

6.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

7.  The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:  _April 23, 2026_

_____
UNITED STATES DISTRICT JUDGE

3